**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Dr. Mary Logue, | ) | |
| | ) | **ORDER GRANTING IN PART** |
| Plaintiff, | ) | **MOTION TO COMPEL AND** |
| | ) | **DEEMING MOOT MOTION** |
| v. | ) | **FOR HEARING** |
| | ) | |
| Trinity Health, | ) | Case No.: 1:24-cv-00085 |
| | ) | |
| Defendant. | ) | |

On June 9, 2025, Plaintiff Dr. Mary Logue ("Plaintiff") filed a *Motion to Compel Production of Documents*. (Doc. No. 28). On June 30, 2025, Defendant Trinity Health ("Defendant") filed a response to Plaintiff's motion and a *Motion for Hearing*. (Doc. Nos. 31, 32). On July 8, 2025, Plaintiff filed a response in opposition to Defendant's *Motion for Hearing* and a reply to Defendant's response. (Doc. Nos. 34, 35). For the reasons articulated below, the court grants in part Plaintiff's *Motion to Compel Production of Documents* (Doc. No. 28) and deems moot Defendant's *Motion for Hearing* (Doc. No. 32).

## I.    BACKGROUND

Plaintiff was employed by Defendant for two-years as a board-certified Dermatologist. (Doc. No. 28 at 1). She was allegedly wrongfully terminated in June of 2023. (*Id.*). On May 17, 2024, Plaintiff filed a Complaint alleging "sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, and Title 1 of the Civil Rights Act of 1991, the North Dakota Human Rights Act, retaliation under N.D.C.C. § 34-01-20 for whistleblowing regarding medical malpractice that she believed a former male dermatologist and a nurse practitioner in her department were committing or had committed, and state claims for breach of contract and defamation." (*Id.*).

The parties have met and conferred to resolve discovery disputes. (Doc. No. 31 at 1). A single dispute remains as to the production of the Medical Executive Committee ("MEC") minutes/notes. In an effort to resolve the discovery dispute and because a Stipulated Protective order is in place, Defendant disclosed only the MEC minutes/notes that referenced Plaintiff. (*Id.*). Upon not receiving full disclosure of the minutes/notes, Plaintiff brought the instant motion. (Doc. No. 28 at 5; Doc. No. 31 at 1-2).

## II.    LEGAL STANDARD

Motions to compel disclosures or discovery are subject to Federal Rules of Civil Procedure 37(a). Rule 37(a)(1) provides that a party may move for an order compelling discovery or disclosure upon conferring or attempting to confer in good faith with the party failing to make disclosure or discovery. Federal Rules of Civil Procedure 26 governs the scope of discovery. Importantly,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Information is discoverable when relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "After the proponent makes a threshold showing of relevance, the party opposing the motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Linseth v. Sustayta*, No. 1:21-CV-173, 2022 WL 16744347, at *2 (D.N.D. Nov. 7, 2022); *see Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014). "The party must demonstrate to the

court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Ruel 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Jo Ann Howard & Assocs., P.C.*, 303 F.R.D. at 542 (quoting *Burke v. New York City Police Dep't.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

## III.    DISCUSSION

### A.  Timely Objections

Plaintiff first argues that Defendant failed to cite any specific statutory or legal privilege in responding to Plaintiff's Request for Production of Documents and did not raise timely objections under Chapter 23-34 of the North Dakota Century Code to the disclosure of the MEC minutes/notes until three months after responses and objections were ultimately due.

In Plaintiff's First Set of Requests for Production of Documents, Plaintiff made the following request, and Defendant made the following objection:

> 11.    All Medical Executive Committee minutes/notes for the time Plaintiff was employed by Defendant and the two months following her termination.
>
> Objection: Defendant objects to this interrogatory on grounds that the information sought is irrelevant, overly broad, vague, ambiguous, unduly burdensome, confidential/proprietary, and is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure.

(Doc. No. 28-3 at 5).

Defendant did not specifically cite to Chapter 23-34 in its objection and now takes the position that the objection appropriately fell under "confidential/proprietary" and being "beyond the scope of Rule 26 of the Federal Rules of Civil Procedure." Defendant further notes that it provided specific citation to Chapter 23-34 in response to Plaintiff's discovery letter.

Rule 34 requires that "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request,

including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *Cartel Asst Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010). Objections are considered "boilerplate objections" when the objection "merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." *Brown v. Kansas Cty*, No. 4:20-CV-00920-DGK, 2022 WL 15045965, at *2 (W.D. Mo. Oct. 26, 2022) (quoting *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 441 (D. Utah 2020)). Boilerplate objections may include statements that a discovery request is "irrelevant" or "overly broad" without further explanation or individualized factual analysis. *Brown*, 2022 WL 15045965, at *2; *see also Smash Tech., LLC*, 335 F.R.D. at 441. Such objections are problematic as they violate the specificity requirement of Rule 34.

In this case, Defendant's objections to number eleven of the First Set of Requests for Production of Documents consists extensively of "boilerplate objections." Defendant does not go on to specify why the information sought is "irrelevant, overly broad, vague, ambiguous, unduly burdensome, confidential/proprietary, and is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure." While Defendant asserts the Chapter 23-34 objection falls under the scope of "confidential/proprietary" and being "beyond the scope of Rule 26 of the Federal Rules of Civil Procedure," the specific citation was not raised in Defendant's objection, but rather in response to a discovery letter. Such boilerplate objections are impermissible, and so the objections are waived. The court shall address the issue of peer review record privilege separately.

4

### B. Privilege and Admissibility

Defendant argues Plaintiff's request for the MEC minutes/notes are confidential and privileged. Specifically, Defendant contends that Chapter 23-34 of the North Dakota Century Code prohibits disclosure of peer reviewed records.

Peer review records are defined under N.D.C.C. § 23-34-01(4)(a) as:

> (1)    Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by, acquired by, or given to a peer review organization as a part of any professional peer review, regardless of when the record was created; and
> (2)    Communications relating to a professional peer review, whether written or oral, between:
>    (a) Peer review organization members;
>    (b) Peer review organization members and the peer review organization's staff; or
>    (c) Peer review organization members and other individuals participating in a professional peer review, including the individual who is the subject of the professional peer review.

Peer review records are privileged under North Dakota law and not subject to subpoena or discovery or introduction into evidence in any civil or administrative action, subject to limited exceptions. N.D.C.C. § 23-34-03(1). Assuming the requested records are properly considered peer review records under North Dakota law, they would not be subject to disclosure under state law.

However, Federal Rule of Evidence 501 provides as follows:

> The common law – as interpreted by the United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute;
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501. The advisory committee notes from the 1974 enactment further instruct, "[I]n criminal and Federal question civil cases, federally evolved rules on privilege should apply since

it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case.]" Recognition of new evidentiary privileges evolve on a case-by-case basis under Rule 501, with courts prohibited from "creat[ing] and apply[ing] an evidentiary privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence." *Bharadwaj v. Mid Dakota Clinic, P.C.*, No. 1:16-CV-262, 2017 WL 11591196, at *2 (D.N.D. Mar. 9, 2017) (quoting *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 189 (1990) (internal quotation marks omitted)).

Here, Plaintiff asserts claims for the violation of federal law, but also supplemental state law claims. "Where a case includes state law claims supplemental to claims of violation of federal antidiscrimination statutes, other district courts in this circuit have generally applied federal privilege law and have generally declined to apply a state medical peer review privilege." *Bharadwaj,* 2017 WL 11591196, at *3. Accordingly, the court declines to apply North Dakota's peer review privilege to the requested documents.

Defendant further argues that Plaintiff's request is irrelevant and overly broad. Specifically, Defendant contends that the MEC "conducts peer reviews of medical procedures, surgical outcomes, sufficiency of case provided using patient and physician names, etc.," and Plaintiff was not terminated by MEC, but rather Trinity Health, which uses a separate and distinct procedure than that of MEC. (Doc. No. 31 at 5). Moreover, Plaintiff does not ask for records referencing only Plaintiff or certain providers, but all MEC minutes/notes for all patients and providers for the duration of Plaintiff's employment and two months following her termination. In response, Plaintiff asserts that the records may "(1) show how complaints against similarly situated male or non-complaining providers were handled; (2) demonstrate internal discussions relevant to Plaintiff's performance, discipline, or concerns she raised; and (3) provide evidence of animus,

pretext, or disparate treatment critical to a retaliation or Title VII analysis." (Doc. No. 35 at 3).

Plaintiff also notes that the purpose of the information is to see if Plaintiff was treated differently

based on her gender.

An inquiry into whether discovery requests are too broad is guided by Federal Rules of

Civil Procedure 26, which defines the scope of discovery to include:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not be admissible in
> evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The scope of discovery through interrogatories and requests for

production of documents is particularly broad in a Title VII case." *Sellars v. CRST Expedited, Inc.*,

No. C15-0117, 2016 WL 4771087, at *3 (N.D. Iowa Sept. 13, 2016) (quoting *Miller v. Hygrade*

*Food Products Corp.*, 89 F.Supp.2d 643, 657 (E.D. Pa. 2000)). "Discovery of previous conduct in

a Title VII lawsuit is relevant and the scope of discovery is extended to a reasonable number of

years before the alleged Title VII violation." *Jones v. Forrest City Grocery Inc.*, No. 4:06CV00944

WRW, 2007 WL 841676, at *1 (E.D. Ark. Mar. 16, 2007) (collecting cases). "The task of the trial

court is to balance the clear relevance of the information against the burden on the defendant."

*Sellars,* 2016 WL 4771087, at *3 (quoting *Miller*, 89 F.Supp.2d at 657).

Plaintiff requests the MEC minutes/notes for the duration of her employment and the two

months following her termination, for a period of approximately 26 months. The court is not

inclined to find this is an unreasonable request. However, the court is cognizant of Defendant's

concerns pertaining to patient confidentiality and the professional reputation of its providers as

well as the potential for the requested records to contain confidential and proprietary information

concerning Defendant's finances. Accordingly, Defendant shall be required to provide the

7

requested MEC minutes/notes, but the documents shall be designated as "attorneys' eyes only," and all patient identifying information and financial information may be redacted.

### C.  Attorney's Fees

Plaintiff requests attorney's fees incurred for having to bring the motion after complying with all reasonable steps necessary to avoid filing the motion to compel and asserts Defendant's delay was unwarranted and has prevented her from pursuing her claims. (Doc. No. 28 at 12). In response, Defendant requests the court deny Plaintiff's request as Defendant was substantially justified in not disclosing the MEC minutes/notes. (Doc. No. 31 at 6).

Federal Rules of Civil Procedure 37(a)(5) governs the payment of expenses. Fed. R. Civ. P. 37(a)(5). If a motion to compel is granted, or the disclosure or requested discovery is provided after the motion is filed, the court must require the party whose conduct necessitated the motion pay reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The court is not required to order payment when (i) the movant filed the motion prior to attempting in good faith to obtain disclosure or discovery without court involvement; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). However, if the motion is granted in part, the court may apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C).

The court is not inclined to award Plaintiff attorney's fees for bringing forth the motion to compel. While reasonable expenses may be awarded, the court agrees with Defendant that it was substantially justified in not disclosing the MEC minutes/notes. While, as explained above, the court declines to find the MEC minutes/notes privileged under North Dakota's peer review privilege law, it was reasonable for Defendant to protect the confidential information pertaining to itself, patients, and staff.

IV.    **CONCLUSION**

For the reasons previously articulated the court **GRANTS IN PART** Plaintiff's *Motion to Compel Production of Documents* (Doc. No. 28) and deems **MOOT** Defendant's *Motion for Hearing* (Doc. No. 32).

**IT IS SO ORDERED.**

Dated this 10th day of October, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
