**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Dr. Mary Logue, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Trinity Health, | ) | Case No. 1:24-cv-085 |
| | ) | |
| Defendant. | ) | |

On April 15, 2026, Defendant filed, among other things, a Motion for Summary Judgment, a supporting the motion, and several exhibits, including the transcript of a deposition taken of Plaintiff on October 27, 2025. (Doc. Nos. 42, 44, and 45-1).

On April 22, 2026, Defendant filed a Motion for Leave to File Exhibits Under Seal. (Doc. No. 49). It seeks leave to file under seal exhibits to the aforementioned deposition transcript (copies of a physician service agreement, exhibits to the physician service agreement, a residency stipend loan agreement, promissory note, loan agreement, promissory note, correspondence, a document captioned departmental express distribution, and emails) that it had designated as "Confidential" pursuant to paragraphs 2 and 4 of the Stipulation for Protective Order adopted by the court. For the reasons set forth below, the motion is denied.

It is well-established that the public has a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public

access enjoyed by the public and press.  United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996).  A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate.  See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions.  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement.  How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records."  In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).  Therefore, the party seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The filing of certain highly confidential documents under seal, such as medical records, tax returns, or a secret formula, is understandable.  However, Defendant has provided little in the way of explanation as to why it needs to file its exhibits under seal or analyze relevant case law which provides the public with a right of access to court records. Defendant has not otherwise discussed the availability of less restrictive options such as redaction.  The court has been left to sift through proposed exhibits in order to decide why it all needs to be sealed. The ruling on the Defendant's motions  for summary judgment will not be issued under seal.

Public access is the norm.  Citation to the parties' stipulated protective order (Doc. Nos. 18, 19), which the court adopted, is insufficient to provide a basis for sealing briefs and exhibits at the summary judgment stage.  This is not an unusual case or one involving highly confidential records, at least insofar as the court can tell from the limited explanation provided Defendant. If this case proceeds to trial, the trial will be conducted in a public courtroom.

Under the present circumstances and with little explanation as to the need for filing any documents under seal, the court is disinclined to authorize Defendant to file its exhibits under seal. Defendant's motion for leave to file under seal (Doc. No. 49) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
